Paul M. Levine (#007202)
**McCARTHY ☐ HOLTHUS ☐ LEVINE**
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
(602) 230-8726
*plevine@mccarthy-holthus.com*

Maria Salapska (#019585)
LAW OFFICE OF MARIA SALAPSKA, PLLC
3001 East Camelback Road, Suite 120
Phoenix, Arizona 85016
(480) 626-5597
*msalapska@salapskalaw.com*

Attorneys for Plaintiff Marlyn
    Nutraceuticals, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MARLYN NUTRACEUTICALS, INC. | No. CIV _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| MUCOS PHARMA GMbH & CO., a German entity; XYZ CORPORATIONS I-X; ABC LIMITED LIABILITY COMPANIES I-X; JOHN DOES I-X and JANE DOES I-X, | (Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Declaratory Relief) |
| Defendants. | |

Plaintiff, Marlyn Nutraceuticals, Inc. ("Marlyn"), by and through its counsel undersigned, for its Complaint against Defendant Mucos Pharma GMbH & Co. ("Mucos"), alleges as follows:

1. Marlyn is an Arizona corporation, authorized to do and doing business in Maricopa County, Arizona.

2. Mucos is a German entity.

3. XYZ Corporations I-X, ABC limited liability companies I-X, John Does I-X and Jane Does I-X are names of fictitious corporations, limited liabilities companies and individuals and Marlyn will request leave of the Court to insert the true and correct names of said corporations, limited liabilities companies and individuals when and if they are learned. At all times material hereto, John Does I-X and Jane Does I-X were acting for and on behalf of their respective marital communities. Upon information and belief, XYZ Corporations I-X, ABC limited liability companies I-X, John Does I-X and Jane Does I-X (hereinafter "fictitious defendants") have caused an event to occur in Maricopa County, Arizona, out of which this Complaint arises.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims set forth herein because the amount in dispute exceeds $75,000.00 and the diversity of the parties. 28 U.S.C. § 1332(a).

5. Venue is proper in this district because a substantial part of the events giving rise to the claims occurred in this district. 28 U.S.C. § 1391(a).

## FACTUAL BACKBROUND

6. On January 29, 2002, Marlyn and Mucos, and other parties not related to this Complaint, entered into a Settlement Agreement (the "Agreement"). The Agreement was negotiated and executed in Phoenix, Arizona.

7. Included within the Agreement was a provision whereby Mucos and Marlyn agreed that Marlyn would serve as the exclusive distributor in the United States of Wobenzym, Phlogenzym and Wobe-Mugos-E (collectively the "Products"), which were manufactured by Mucos in Germany.

8. In connection with its Agreement with Mucos, Marlyn agreed to be responsible for obtaining and maintaining in force all necessary governmental approvals necessary for the import and/or sale of the Products in the United States.

9. The initial term of the Distributorship Agreement was ten (10) years, through January 28, 2012. The Agreement also provided that the initial term shall automatically be extended for five (5) years, unless Marlyn delivers written notice to Mucos of its intention not to renew, not more than ninety (90) days and not less than thirty (30) days before the expiration of the initial term.

10. The Agreement provides that if Mucos ceased production of any of the Products, then Marlyn shall have an exclusive, nontransferable, nonsublicenseable license to manufacture within the United States the Product or Products that Mucos shall cease to produce. An implied term of the Agreement was that Mucos would continue to produce, and deliver, the Products to Marlyn consistent with the established formula for each of the Products, including, but not limited to, producing and delivering Wobenzym consistent with the Wobenzym product label which identifies the ingredients and the amounts of each ingredient in each tablet.

11. In connection with Marlyn's limited license, in the event Marlyn began production of any of the Products, Marlyn agreed to pay to Mucos a royalty of four percent

(4%) of the net sales of the Product, defined as the gross sales minus returns, allowances, rebates and discounts. Royalties were to be paid to Mucos at least once a month.

12. The Agreement provides that any action brought thereunder shall be in the state or federal courts located in Maricopa County, Arizona, and shall be interpreted and enforced pursuant to the laws of the State of Arizona.

## COUNT ONE
### (Breach of Contract)

13. Marlyn incorporates and realleges the allegations of paragraphs 1 through 12 above, as if fully set forth herein.

14. Wobenzym, one of the Products which is the subject of the Agreement, is a formulation containing defined ingredients and a defined amount of each ingredient in each tablet. Wobenzym has been available in the international market for over forty years, and has been available in the United States since at least 1990. Through Marlyn's efforts, Wobenzym has developed a very loyal and large following in the United States.

15. In 2006, Mucos breached the Agreement by failing to deliver the Wobenzym to Marlyn. Upon information and belief, the Wobenzym that Mucos has delivered or intends to deliver to Marlyn does not contain the same amount of ingredients that is set forth on the Wobenzym label.

16. In addition, despite demand and requests for delivery of Phlogenzym and Wobe-Mugos, Mucus has failed to deliver those Products to Marlyn. Consequently, Mucos is in breach of the Agreement due to its failure to deliver Phlogenzym and Wobe-Mugos to Marlyn.

17. As a direct and consequential result thereof, Marlyn has been damaged in the amount to be proven at trial or otherwise.

18. This claim arises out of contract and pursuant to the Agreement and A.R.S. § 12-341.01, Marlyn is entitled to an award of its attorneys' fees, including post-judgment attorneys' fees.

**WHEREFORE,** Plaintiff, Marlyn Nutraceuticals, Inc., an Arizona corporation, prays for judgment against Defendant Mucos Pharma GMbH & Co., a German entity, as follows:

a. For its damages, in an amount to be determined at time of trial;

b. For its costs incurred herein, including post-judgment costs, pursuant to A.R.S. § 12-341;

c. For its attorneys' fees, including post-judgment attorneys' fees, pursuant to the Agreement and A.R.S. § 12-341.01; and

d. For such other and further relief as the Court deems just and proper.

## COUNT TWO
### (Breach Of The Covenant Of Good Faith And Fair Dealing)

19. Marlyn incorporates and realleges the allegations of Paragraphs 1-18 above, as if fully set forth herein.

20. In Arizona, in addition to the express terms and conditions set forth in a contract, a covenant of good faith and fair dealing is implied as a matter of law in every contract. The covenant imposes on Mucos a duty to act in good faith and deal fairly with Marlyn at all times, and to refrain from undertaking actions designed to deprive Marlyn of the benefits of its bargain with Mucos.

21.     Upon information and belief, as a result of Mucos manufacturing Wobenzym in a manner different than what is contained on the Wobenzym label, Mucos is depriving Marlyn from receiving the benefits of its Agreement with Mucos.

22.     Further, as a result of Mucos failing to deliver the Products as requested by Marlyn, Mucos is depriving Marlyn from receiving the benefits of its Agreement with Mucos.

23.     As a direct and consequential result thereof, Marlyn has been damaged in the amount to be proven at trial or otherwise.

This claim arises out of contract and pursuant to the Agreement and A.R.S. § 12-341.01, Marlyn is entitled to an award of its attorneys' fees, including post-judgment attorneys' fees.

**WHEREFORE,** Plaintiff, Marlyn Nutraceuticals, Inc., an Arizona corporation, prays for judgment against Defendant Mucos Pharma GMbH & Co., a German entity, as follows:

a.      For its damages, in an amount to be determined at time of trial;

b.      For its costs incurred herein, including post-judgment costs, pursuant to A.R.S. § 12-341;

c.      For its attorneys' fees, including post-judgment attorneys' fees, pursuant to the Agreement and A.R.S. § 12-341.01; and

d.      For such other and further relief as the Court deems just and proper.

## COUNT THREE
### (Declaratory Relief)

24. Marlyn incorporates and realleges the allegations of paragraphs 1-23 above, as if fully set forth herein.

25. This action is brought pursuant to Arizona's Uniform Declaratory Judgments Act, A.R.S. §§ 12-1831 et seq.

26. A justiciable controversy exists with respect to Marlyn's rights under the Agreement. Marlyn seeks an adjudication of such rights, and specifically, a declaratory judgment that: (a) the manufacture and distribution by Mucos of Wobenzym to Marlyn, pursuant to the Agreement between Marlyn and Mucos, must be in conformity with the Wobenzym label; and (b) if Mucos does not manufacture Wobenzym consistent with the Wobenzym label, Mucos will be deemed to have "ceased production" of Wobenzym and Marlyn shall have the limited license to manufacture Wobenzym as specified in the Agreement.

**WHEREFORE**, Plaintiff, Marlyn Nutraceuticals, Inc., an Arizona corporation, prays for judgment against Defendant Mucos Pharma GMbH & Co., a German entity, mandating that:

a. Mucos must manufacture and distribute Wobenzym to Marlyn consistent with the Wobenzym label;

b. If Mucos does not manufacture and distribute Wobenzym to Marlyn consistent with the Wobenzym label, Marlyn shall have a limited license to manufacture Wobenzym as specified in the Agreement;

c. Mucos pay Marlyn its costs incurred herein, including post-judgment costs, pursuant to A.R.S. § 12-1840 and A.R.S. § 12-341;

d. Mucos pay Marlyn its attorneys' fees, including post-judgment attorneys' fees, pursuant to A.R.S. § 12-341.01; and

e. For such other and further relief as the Court deems just and proper.

DATED this 3rd day of January, 2007.

**McCARTHY □ HOLTHUS □ LEVINE**

/s/ Paul M. Levine
Paul M. Levine
3636 N. Central Ave., Suite 1050
Phoenix, Arizona   85012

**LAW OFFICE OF MARIA SALAPSKA, PLLC**

/s/ Maria Salapska
Maria Salapska
3001 East Camelback Road, Suite 120
Phoenix, Arizona   85016

I hereby certify that on January 3, 2007,
I electronically transmitted the attached
Document to the Clerk's Office using the
CM/ECF System for filing and transmittal
Of a Notice of Electronic Filing to the following
CM/ECF registrants:

/s/ Matthew Silverman